UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERRANCE D. MORTON, SR., | Case No. 2:16-cv-02307-RFB-NJK |
| Plaintiff(s), | |
| vs. | **O R D E R** |
| CVS CORPORATION, | |
| Defendant(s). | |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a complaint. Docket No. 1-1.

**I.**     ***In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Docket No. 1. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Clerk's Office is further **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's complaint.

**II.**     **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915. Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

In addition, the Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of*

1  *Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  Whether federal-question jurisdiction
2  exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists
3  only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."
4  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

5        The Court also has jurisdiction over civil cases in which there is diversity among the parties.
6  "Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the
7  amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089,
8  1090 (9th Cir. 2003).  To establish diversity, the plaintiff must be a citizen of a different state than
9  the defendant.  *See Allstate Ins. Co. v. Hughes,* 358 F.3d 1089, 1095 (9th Cir. 2004).

10       Plaintiff's complaint is defective in that it fails to allege subject matter jurisdiction.[1]  As
11 noted above, federal question jurisdiction exists when a claim is premised on federal law.  Plaintiff
12 appears to be attempting to bring an Eighth Amendment claim for excessive force.  Docket No. 1-2.[2]
13 The United States Constitution itself does not create a federal cause of action; instead, suits alleging
14 the violation of constitutional rights must be brought pursuant to 42 U.S.C. § 1983.  *E.g., Azul-*
15 *Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992).  To bring a claim for alleged
16 civil rights violations under § 1983, the plaintiff must allege that a defendant was acting under color
17 of law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Defendant in this case is a drug store, and Plaintiff
18 has failed to allege any sort of state action.  As such, the complaint fails to sufficiently allege federal
19 question subject matter jurisdiction.

20       Assuming Plaintiff can alternatively state a Nevada tort claim, such as battery, the complaint
21 fails to sufficiently allege diversity jurisdiction.  Plaintiff states that he resides in California and that
22 Defendant is a Rhode Island corporation.  *See* Docket No. 1-2.  At the same time, however, Plaintiff

---

[1] The Court notes that Plaintiff appears to be refiling a claim that was previously dismissed. *See Morton v. CVS Corporation*, Case No. 2:15-cv-2417-JAD-NJK (Docket No. 10, adopting report and recommendation).  The order dismissing that case does not specify whether the dismissal was with or without prejudice.  *See id.*  Because the pending complaint fails the § 1915 screening as outlined above, the Court need not decide at this time the impact on this case (if any) of that prior dismissal.

[2] The Court will consider the statements made in the civil cover sheet for purposes of screening the complaint in light of Plaintiff's status as a *pro se* litigant.  In any amended complaint, Plaintiff shall make all of his factual allegations in the complaint itself.

1 fails to sufficiently plead the requisite amount in controversy. Plaintiff is demanding $500,000,000.
2 Docket No. 1-2. The Court normally defers to a statement of damages in the complaint, but it has
3 an independent obligation to examine the basis for such a statement when doubt arises. *See, e.g.*,
4 *Leal v. Ferrini*, 2014 WL 7409500, *2 (D. Nev. Dec. 31, 2014) (screening complaint under § 1915).
5 A representation of the amount in controversy must be supported by facts, and a conclusory assertion
6 comprising merely "a bold and optimistic prediction" is insufficient. *See Matheson*, 319 F.3d at
7 1090-91 ("Conclusory allegations as to the amount in controversy are insufficient"); *see also Surber*
8 *v. Reliance Nat'l Indem. Co.*, 110 F. Supp.2d 1227, 1232 (N.D. Cal. 2000) (rejecting statement of
9 potential punitive damages as merely "a bold and optimistic prediction"). This case arises out of a
10 dispute in which Plaintiff attempted to return a product to a CVS store and was physically ejected
11 from the store. *See* Docket No. 1-1. The facts as currently alleged do not lend themselves to a
12 finding of a sufficient amount in controversy. *Cf. Christensen v. Northwest Airlines, Inc.*, 633 F.2d
13 529, 530-31 (9th Cir. 1980) (where damages arose primarily out of the anger and embarrassment
14 suffered, a sufficient showing of the required amount in controversy had not been made; "A federal
15 court should not and cannot adjudicate such minor claims").

16 Accordingly, the complaint fails to establish subject matter jurisdiction.

17 **III.  Conclusion**

18 Accordingly, **IT IS ORDERED** that:

19 1.  Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff shall not
20 be required to pay the filing fee of four hundred dollars ($400.00).
21 2.  Plaintiff is permitted to maintain this action to conclusion without the necessity of
22 prepayment of any additional fees or costs or the giving of a security therefor. This
23 Order granting leave to proceed *in forma pauperis* shall not extend to the issuance
24 and/or service of subpoenas at government expense.
25 3.  The Clerk of the Court shall file the Complaint.
26 4.  The Complaint is **DISMISSED** with leave to amend. Plaintiff will have until
27 **November 1, 2016**, to file an Amended Complaint, if he believes he can correct the
28 noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed

- 4 -

that the Court cannot refer to a prior pleading (i.e., his original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. Local Rule 15-1(a) requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: October 4, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge