UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TERRANCE D. MORTON, SR., ) | Case No. 2:16-cv-02307-RFB-NJK |
| ) Plaintiff(s), ) | |
| ) vs. ) | **REPORT AND RECOMMENDATION** |
| ) CVS CORPORATION, ) | |
| ) Defendant(s). ) | |

On October 4, 2016, the Court screened Plaintiff's complaint as required by 28 U.S.C. § 1915. Docket No. 5. The Court found Plaintiff's complaint deficient, in that it failed to establish subject matter jurisdiction. *Id.* at 3-4. The Court ordered that, to the extent Plaintiff believed he could cure the identified defect, he must file an amended complaint by November 1, 2016. *Id.* The Court further warned Plaintiff that "**[f]ailure to comply with this order will result in the recommended dismissal of this case**." *Id.* at 5 (emphasis in original).

Plaintiff did not file an amended complaint as ordered. Instead, he filed a motion to serve Defendant. Docket No. 7. The Court denied that motion as premature, however, "as the Court will not order service through the United States Marshal Service unless and until Plaintiff has properly pled that this Court has subject matter jurisdiction." Docket No. 8. In light of Plaintiff's status as a *pro se* litigant, the Court then made clear that "this case cannot proceed unless Plaintiff files an amended complaint that resolves the defects identified in the order at Docket No. 5." *Id.* The Court provided Plaintiff a further opportunity to amend his complaint, extending the deadline to file an

1. amended complaint to November 22, 2016. *Id.* at 2. Once again, the Court warned that "**[f]ailure to comply with this order will result in the recommended dismissal of this case**." *Id.* (emphasis in original).

Plaintiff did not file an amended complaint by that extended deadline. Instead, he filed a motion to amend seeking an order effectuating service. Docket No. 9. The Court again explained that service would be premature until an amended complaint had been filed that could survive the screening process. Docket No. 10. The Court once again extended the deadline to file an amended complaint, this time to December 23, 2016. *Id.* at 2. The Court also made clear that this was "**one final opportunity to file an amended complaint**" and further that "**[f]ailure to comply with this order will result in the recommended dismissal of this case**." *Id.* at 2, 3 (emphasis in original).

The twice-extended deadline has now come and gone. Despite receiving three opportunities to file an amended complaint in this case and warnings that a recommendation of dismissal would occur absent the filing of an amended complaint, Plaintiff has still not filed one.[1] Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** without prejudice.

IT IS SO ORDERED.

Dated: January 11, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also

---

[1] As the Court noted in its screening order, Plaintiff here appears to be refiling his claim that was previously dismissed. *See Morton v. CVS Corporation*, Case No. 2:15-cv-2417-JAD-NJK (Docket No. 10, adopting report and recommendation). Plaintiff failed in that case to present a viable complaint despite an additional opportunity to amend. As such, Plaintiff has now had six opportunities to present a viable complaint: the initial complaint and amended complaint in his previous case, and the initial complaint and three subsequent opportunities to file an amended complaint in this case.

1  held that (1) failure to file objections within the specified time and (2) failure to properly address and
2  brief the objectionable issues waives the right to appeal the District Court's order and/or appeal
3  factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir.
4  1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).